```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  JEAN M. HOBLER
    Special Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                            )<br>         Plaintiff,         )<br>                            )<br>    v.                      )<br>                            )<br>APPROXIMATELY $7,136.49 IN U.S. )<br>CURRENCY SEIZED FROM JP MORGAN )<br>CHASE BANK ACCOUNT NUMBER   )<br>3790678038, HELD IN THE NAME )<br>MYCHAL S. LAHEY,            )<br>                            )<br>APPROXIMATELY $27,460.00 IN U.S. )<br>CURRENCY SEIZED FROM BANK OF )<br>AMERICA ACCOUNT NUMBER      )<br>753567539, HELD IN THE NAME )<br>MYCHAL S. LAHEY, AND        )<br>                            )<br>APPROXIMATELY $13,270.16 IN U.S. )<br>CURRENCY SEIZED FROM TRI    )<br>COUNTIES BANK ACCOUNT NUMBER )<br>66497707, HELD IN THE NAME  )<br>MYCHAL S. LAHEY,            )<br>                            )<br>         Defendants.        )<br>                            )<br>_____) | 2:10-MC-00054-MCE-DAD<br><br>CONSENT JUDGMENT<br>OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On January 7, 2010, Magistrate Judge Dale A. Drozd authorized the seizure of funds in the above-captioned bank

accounts (hereafter "the defendant funds") based upon a finding of probable cause that the defendant funds were subject to forfeiture to the United States based upon violations of 31 U.S.C. §§ 5324(a)(1) (causing and attempting to cause a domestic financial institution to fail to file a currency transaction report (CTR)) and (a)(3) (structuring).  See <u>All funds maintained at JP Morgan Chase Bank N.A. checking account #3790678038, held in the name of Mychal S. Lahey</u>, 2:10-SW-0014-DAD, see also 2:10-SW-0015-DAD, and 2:10-SW-0016-DAD.  On or about January 8, 2010, the Internal Revenue Service, Criminal Investigation ("IRS") executed the seizure warrants against the defendant funds.  IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 19, 2010, the IRS received a claim from Mychal Lahey asserting an ownership interest in the defendant funds.

    2.  If this matter proceeded to trial in a civil forfeiture proceeding the government would show that between April 20, 2009 and April 28, 2009, in the Eastern District of California, Mychal Lahey structured transactions by breaking up currency deposits at or below $10,000.00 to evade the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).  The evidence would further show that Mychal Lahey conducted currency deposit transactions with the intent to cause or attempt to cause a domestic financial institution to fail to file a CTR in violation of 31 U.S.C. § 5324(a)(1).  In particular, and as specified in greater detail in the affidavit in support of seizure warrants 2:10-SW-0014-DAD, 2:10-SW-0015-DAD, and 2:10-SW-0016-DAD, between April 20, 2009 and

April 28, 2009 at least $99,600.00 in funds were structured into Tri Counties Bank account 66497707, JP Morgan Chase Bank account 3790678038, and Bank of America account 753567539.

3.   Without admitting the truth of the factual assertions contained above or in the affidavit in support of the seizure warrants, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter and all civil claims arising out of the factual averments made in said documents described above, claimant agrees that an adequate factual basis exists to support forfeiture of all of the defendant funds.  Claimant hereby acknowledges that he is the sole owner of the defendant funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, the claimant agrees to hold harmless and indemnify the United States.

4.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

6.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8.   Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest in $18,000.00 of the Approximately $27,460.00 in U.S. Currency seized from Bank of America Account Number 753567539, held in the name Mychal S. Lahey, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9.   Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, Approximately $7,136.49 in U.S. Currency seized from JP Morgan Chase Bank Account Number 3790678038, held in the name Mychal S. Lahey; $9,460.00 of the Approximately $27,460.00 in U.S. Currency seized from Bank of America Account Number 753567539, held in the name Mychal S. Lahey; and Approximately $13,270.16 in U.S. Currency seized from Tri Counties Bank Account Number 66497707, held in the name Mychal S. Lahey, together with any interest that may have accrued on those amounts, shall be returned to claimant Mychal Lahey.

10.  Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing**

**the release, which if known by him must have materially affected his settlement with the debtor."**

    11.  Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

    12.  No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

    13.  All parties will bear their own costs and attorneys' fees.

    IT IS SO ORDERED.

Dated: September 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

Dated: September 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE